PER CURIAM:
Claimant seeks an award for personal injuries and damage to her vehicle which occurred when she was traveling westbound on U. S. Route 60 near Smithers in Kanawha County, and her vehicle struck some rocks in the road. Respondent was responsible at all times herein for the maintenance of U. S. Route 60. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on July 21, 1999, at approximately 10:00 p.m. Mrs. Medley was driving a 1992 Subaru Legacy Outback. She was on her way home from church with her daughter as her passenger. She testified that it was raining lightly that evening and there had been a heavier rain the day before. U. S. Route 60 at this location near the underpass at the Montgomery Bridge has two lanes of travel for westbound traffic and one lane for the eastbound traffic. The two lanes of travel extend for approximately one mile. Mrs. Medley testified that she was traveling at approximately forty miles per hour in a fifty mile per hour zone. As she was proceeding westbound on U. S. Route 60, her vehicle suddenly struck a rock in the right lane. She maneuvered her vehicle to the left passing lane to avoid striking additional rocks. However, there were rocks in the left lane as well which her vehicle went over causing both right side tires to burst She then drove to the right side of the road to wait for assistance. Her vehicle was towed thereafter to one location and later to a Ford dealer for repairs. Mrs. Medley suffered injuries to her shoulder and significant damage to her vehicle. The vehicle repairs cost $1,466.72. However, she had a $100.00 deductible feature as part of her automobile insurance coverage; therefore, any potential recovery for the vehicle damage is limited to the deductible feature of $100.00. In addition, she incurred an out of pocket towing bill in the amount of $50.00 for which she seeks recovery. As *114 a result of the shoulder injuries, Mrs. Medley missed seven weeks of work. She incurred physical therapy bills in the amount of $2,400.25 which were paid in foil by-her insurance. She also incurred $400.00 in medical expenses with her physician which were not covered by insurance. Mrs. Medley is seeking a recovery for the unpaid medical expenses in the amount of $400.00 and $2,184.00 in lost wages.
It is claimant’s contention that respondent knew or should have known about the rock fall hazard at this location and that it should have taken adequate measures to insure that the rocks would not fall onto .the road. Mrs. Medley testified that she travels this portion of U. S. Route 60 approximately twice a week. She also testified that she has seen rock falls at this location and that she has complained about the rock falls prior to this incident.
It is the respondent’s position that it did not have notice of this particular rock fall until after the claimant’s accident and that it has had “falling rock” warning signs in place at this location for a significant period of time.
Grant F. McGuire, a foreman for the respondent, testified that his responsibilities include overseeing the removal of debris from the roads and highways at the location of this incident. Mr. McGuire testified that there are two sets of “Falling Rock” warning signs posted near the location of claimant’s accident. He stated that there is one set of signs located near the Montgomery bridge for the westbound traffic which claimant would have driven p ast on the night o f this incident. According to Mr. McGuire, this area is a known rock fall area. However, he stated that there have only been a few rock slides and none of them were significant. On the night of this incident, Mr. McGuire was the foreman on duty and he received the call regarding this rock fall at 10:00 p.m. He stated that he and his crew cleared the rocks that were on the road at the location of this incident and then notified the district headquarters that the road was cleared. Respondent submitted into evidence a DOT - 12 daily work report indicating that respondent’s employees did respond to this rock fall incident and they spent a total of two hours at the scene from 10:00 p.m. to 12:00 p.m.
It is a well established principle that the State is neither an insurer nor a guarantor o f the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold the respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). With regard to falling rocks, the Court has held that the unexplained falling of a rock onto a road, without a positive showing of negligence on the part of the respondent, is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, the Court is of the opinion that there is no evidence of negligence upon which to justify an award. The evidence established that respondent has had signs in place warning the traveling public of the potential for falling rocks at this location. Respondent did not have prior notice of this particular rock fall, and there was no pattern of multiple repeated rock falls at this location prior to the incident herein. The evidence established that the respondent did respond to this incident in a timely fashion. Thus, respondent was not shown to have been negligent in its maintenance of U.S. Route 60 on the date of claimant’s accident.
While the Court is sympathetic to the claimantand the damages she suffered, the Court is of the opinion that the respondent took reasonable steps to advise motorists of potential rock falls in this area. In view of the foregoing, the Court *115 hereby denies this claim.
Claim disallowed.